# JANUARY, 1948

WILLIE A. ALEXANDER V. THE STATE.

No 23907.  Delivered January 28, 1948.

*Earl L. Coleman,* of Denton, for appellant.

*W. K. Baldridge,* County Attorney, and *Rogers Teel,* Assistant County Attorney, both of Denton, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for the offense of an aggravated assault and battery. His punishment was assessed at confinement in the county jail for a period of one year and a fine of $1,000.00.

The record shows that on Sunday, May 11, 1947, appellant and Johnnie Kinney were together late in the afternoon riding in appellant's automobile on a highway between Denton and Pilot Point. Sometime during the early part of the night, the body of Johnnie Kinney was discovered lying by the side of the highway. The Justice of the Peace was summoned by the parties who discovered the body. An examination of the body by the Justice of the Peace revealed the fact that he was still

alive but had been severely beaten. An ambulance was called and Kinney was taken to a hospital at Denton where he received medical attention. However, he died on the 6th day of June as a result of the injuries which had been inflicted upon him.

Appellant was subsequently arrested and charged with the offense. While under arrest and confined in jail, he admitted that he had beaten Kinney with a heavy army shoe which he said was in his automobile; that he had thrown the other shoe out in some weeds. He also told them that he had lost his watch, and that he had pulled some part of the seat covers off and thrown them away. As a result of his statement, the officers found a heavy army shoe, as well as his watch, in the car. He then accompanied the officers to the place where he claimed he had thrown the mate to the shoe in question, and upon a search, the shoe was found in the weeds.

By Bills of Exception Nos. 1, 2 and 3, appellant complains of action of the trial court in permitting the State to prove by the officers that he had made a statement to them relative to the manner and means he employed in inflicting the wounds on Johnnie Kinney at the time and place in question. He objected to the testimony given by the officers on the ground that he was under arrest and confined in jail at the time; that it was an oral statement not reduced to writing, and that the statutory warning was not given to him. It is true that an oral confession made by one while under arrest or confined in jail charged with an offense is not admissible against him concerning the offense for which he is on trial unless in connection with such confession he makes statements of facts or circumstances which lead to the recovery of the instrument with which he states the offense was committed. In the instant case, appellant informed the officers that he had borrowed a pair of army shoes; that he beat Kinney with one of the shoes which he said was in his car; that he had thrown the other shoe out of the car at a designated place. Both shoes were found where he stated they were located. There is evidence that the officers had not found the shoe in the automobile prior to the time he told them it was there, although they had found his automobile. This is strengthened by the fact that they found his watch in the car. If the officers had theretofore made a search of his car and had found the shoe, they most likely would have found the watch and taken possession thereof as a circumstance which may have led to the identity of the party who committed the offense. We believe that under the fact here disclosed, appellant's confession was admissible.

In the case of McClure v. State, 100 Tex. Cr. R. 545, 272 S. W. 157, this court in discussing Art. 727, C. C. P., (formerly Art. 810, C. C. P.) said in substance that a voluntary confession of the accused, when not in writing and signed by him after due warning, is not admissible in evidence, "unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed." The court further said:

"It is our understanding of this exception that it sanctions the admission in evidence of the confession in its entirety and not alone that part of it which leads to the discovery of the instruments used in the commission of the offense."

We are cited to the case of Scott v. State, 43 S. W. 336, as authority for holding this statement not admissible, which case we do not think to be in point herein. In that case the animal found by means of the oral statement made by Scott while in jail was an entirely different animal from that alleged to have been stolen by him. In the instant case, it is insisted that at the time of the making of the oral statement by appellant, the officers were in possession of his automobile and that therein reposed at such time the shoe with which it was alleged that the beating of the deceased was administered. The car was parked on a lot near the city jail, but the testimony of the officers shows that they had not searched the car and did not know of the presence of the shoe therein, nor that same had been used in the beating of the deceased. Upon being informed of its use and its presence in the car, they searched it and found the shoe with some dark substance thereon, as well as appellant's watch. We think that the State was within its rights when it offered the whole of the oral statement under the above-quoted portion of Art. 727, C. C. P.

In 18 Tex. Jur. p. 183, section 97, it is said:

"Where the statutory exception applies the entire confession may be introduced in evidence, and not merely that part of it which leads to the discovery of property or instruments connected with the offense." (Citing McClure v. State, supra.)

In such event, the whole of the oral confession becomes admissible, whether inculpatory or exculpatory.

Complaint is also made concerning the testimony of the of-

ficers relative to a trip taken with appellant wherein he indicated to them the place by the roadside where he had thrown a shoe (the mate to the one used in the assault) and such shoe was there found. We think this testimony was admissible under the rule above outlined. It is contended that the State failed to show the truth of appellant's oral statement and that until such was shown to be true, same was inadmissible. In support thereof, there is quoted the testimony of the physician who attended the deceased, and he testified that the bruises and breaks were possibly caused by some blunt instrument which had terrific force behind it; that his best judgment was that a shoe could not have caused the injury to the skull, but that the injury to the skull finally caused the death. As to what kind of instrument was used in the beating of the deceased, the careful trial court instructed the jury in substance that before they could convict appellant they must believe beyond a reasonable doubt that appellant caused such injuries by beating the deceased with a shoe.

It is also contended that the confession offered herein stands alone, with no corroboration thereof, and under the doctrine that a confession alone cannot be the basis of a conviction, appellant says that his connection with this offense is not properly proved. Appellant and the deceased were seen together at Vera Combs' house in the town of Pilot Point in the afternoon of the day of this tragedy; that they were both drunk or drinking at such place, and that the deceased was acting boisterously. They left together in appellant's automobile and went to a negro cafe in Pilot Point, where appellant and deceased had some conversation about a dollar which was finally given to the deceased. On this same day, May 11, 1947, (same being Sunday), about 6:00 o'clock in the afternoon, the deceased and appellant were seen driving rapidly in appellant's car in a westerly direction near Bell's store on Prairie Street. On that same night, about four and one-half miles from Pilot Point, between 10:30 and 11:00 o'clock, the body of the deceased was found in a semi-conscious condition on the roadside near an underpass. He was bruised and evidently had been beaten over the head. He had bruises on the forehead, on the face and down into the neck. His eyes were practically closed; he had a bulge on the top of his head and lacerations on the left frontal bone, extending about an inch and a half and going down to the skull; his whole head was swollen; his clothes were bloody; and he was in a deep shock. Eventually he died from these wounds.

We think it is evident that this man's injuries were serious

and that they caused his death. That a confession can be looked to in aid of the establishment of the corpus delicti has long been settled. See Kugadt v. State, 38 Tex. Cr. R. 681, 44 S. W. 989, and many other case in line therewith. We also think that it was within the province of the jury to determine whether such wounds could have been inflicted by means of a heavy army shoe in the manner described by appellant in his oral statement.

Believing that no error is shown herein, the judgment will be affirmed.