**Elton Earl HAYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47623.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from the conviction for the offense of robbery by assault; the punishment, 35 years.

The record reflects that at approximately 4:30 p. m. on February 26, 1972, appellant and Willie Toole walked into the Bell Cleaners, located at 3238 Ross Avenue in Dallas, and robbed Mrs. Minnie Louise Fuller of approximately Twenty to Thirty Dollars ($20.00–$30.00). Both Mrs. Fuller and Rosetta Liggins positively identified appellant as one of the robbers. After the robbery, the police were called. Both Mrs. Fuller and Mrs. Liggins identified photographs of appellant and Toole and their descriptions were broadcast over the police radio.

At approximately 6:35 p. m. on the day in question, Dallas Police Officer Kidd saw appellant and Toole in an apartment complex walkway in the 3100 block of San Jacinto Street. As the officer approached them, appellant and Toole ran. Officer Kidd looked around the apartment complex in order to find the two and observed Toole sitting in the window of an apartment. Kidd and Detective Babb entered the apartment and arrested appellant and Toole. After fully warning appellant of his rights under Article 38.22, Vernon's Ann.C.C.P., Detective Babb asked appellant what they had done with the money. Appellant answered that they had already spent it. Next, appellant was asked where the gun was. Appellant answered that Toole had had the gun last. Toole was then asked in appellant's presence as to the whereabouts of the gun. Toole said the gun was in the bedroom. Detective Babb entered the bedroom and found a pistol. Mrs. Fuller identified this pistol as being similar to the one used in the robbery.

The sufficiency of the evidence is not challenged.

Complaint is first made that the trial court erred in allowing into evidence appellant's statement that he had already spent the money because the statement was not reduced to writing and did not lead to the fruits of the crime. Although appellant's statement concerning the whereabouts of the money did not lead to its recovery, his statement as to the whereabouts of the gun did lead to its recovery. Since appellant's oral statement did lead the officers to the instrument with which appellant stated the offense was committed, the court did not err in allowing it into evidence. See Article 38.22 1(e), V.A.C.C.P.

In McClure v. State, 100 Tex.Cr.R. 545, 272 S.W. 157, we held that the statute relating to oral confessions sanctions the admission in evidence of the confession in its entirety so far as pertinent to the main fact at issue, and not alone that part of it which leads to the discovery of the instruments used in the commission of the offense. See also Smith v. State, 157 Tex. Cr.R. 637, 253 S.W.2d 665; Grimes v. State, 154 Tex.Cr.R. 199, 225 S.W.2d 978; Alexander v. State, 151 Tex.Cr.R. 235, 207 S.W.2d 881. However, any error in the admission of the complained of testimony would be harmless under the circumstances, especially in view of the admissible testimony of the whereabouts of the gun used in the robbery.

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the trial court erred in allowing Mrs. Fuller and Mrs. Liggins to make an in-court identification of appellant without first having made findings of fact and conclusions of law that their testimony was admissible.

Appellant has apparently overlooked the fact that the trial court's findings of fact and conclusions of law are included in the record. The findings of fact and conclusions of law held that both Mrs. Fuller's

and Mrs. Liggins' testimony was admissible. The findings of fact and conclusions of law are supported by the evidence.

Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.