Terry Joe MARINI, Appellant,

v.

The STATE of Texas, Appellee.

No. 58339.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 6, 1980.

John Mustachio, on appeal only, Houston, for appellant.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and R. P. Cornelius, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder. At the punishment stage the jury answered the second punishment issue under Art. 37.071, V.A.C.C.P., in the negative and, accordingly, punishment was assessed at life.

In twenty-one grounds of error appellant complains, among other things, of the admission into evidence of his oral confession and the fruits thereof, of certain remarks made by the prosecutor, of the admission of impeachment testimony against him, and of the admission of certain photographs into evidence. After careful review of appellant's various contentions, we conclude that all are without merit.

The several grounds of error relating to appellant's oral statement and its fruits will be discussed first. An account of the facts surrounding this confession and its contents is crucial to answering appellant's contentions.

On the afternoon of Sunday, September 5, 1976, the body of Buell Allen Bankston was discovered concealed in a boxspring mattress at an apartment occupied by David Colerider. Appellant and Colerider appeared at the scene and were arrested while police were conducting their investigation. After being advised of his constitutional rights, appellant was taken to police headquarters, at which time he gave and signed a written statement in which he denied any involvement in the crime. Appellant was taken before a magistrate on the morning of September 6 and again advised of his rights. Shortly after midnight on Tuesday, September 7, officer Frazier checked appellant out of jail for further interrogation. Appellant was advised of his rights for the third time and indicated he understood what was being read to him. At this time the officers displayed a shotgun to appellant and told him Colerider had described the crime. Appellant agreed that everything the police said Colerider told them was true except that Colerider, not appellant, had done the shooting. Appellant told the officers he could prove what he said about the shooting by taking the officers to "the money and the dope." He also indicated that the money was taken from the deceased. After executing a consent to search form authorizing the police to search his car, appellant was taken to the parking lot of his apartment house, where the car was located. A total of $3,250 in cash, hidden in two different places, was found in the car. At this point, appellant was asked to talk about the crime some more. Reminded that Colerider had said he, appellant, had shot deceased, appellant spontaneously declared, "I did it. I did it. I did it. I shot him." As the officers drove with appellant to where he said the narcotics were hidden, he proceeded to describe in great detail how the crime was committed. He told the officers that he and Colerider had planned to sell some marihuana to the deceased, but that they decided to hijack the deceased when it developed that they would not be able to obtain the quantity of marihuana desired by the deceased. Appellant related that he took a shotgun from under a bed, disguised himself as a hijacker, then burst into a bedroom where Colerider and deceased were standing and demanded deceased to turn over his money. When the deceased realized he was being "set up," appellant shot him. Colerider and appellant took the deceased's money and split it between them. Officer Frazier testified that appellant led the officers to an open field where one-third pound of marihuana and some LSD tablets had been placed.

In his second ground of error appellant contends the trial court erred in admitting testimony relating to his oral confession because the requirements set out in Art. 38.22, V.A.C.C.P., were not met. Addressed to the admissibility of oral statements made as a result of custodial interrogation, Section 1(e) of that statute, in effect at the time this confession was given, provided, in part:

"1. The oral . . . confession of a defendant made while the defendant was . . . in the custody of an officer shall be admissible if:

" . . .

"(e) It be made orally and the defendant makes a statement of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed."

The thrust of appellant's argument is that his oral confession consisting of his declaration, "I did it. I did it. I did it. I shot him," and his account of the crime should not have been admitted because they did not lead to the discovery of objects tending to establish his guilt. He contends that (1) since the money had already been found when appellant declared "I did it . .," the statement could not have *led* to its finding, and that (2) the narcotics that were found subsequent to the incriminating statements did not conduce to establish his guilt for the offense charged.

■ We disagree with appellant's position because we do not accept his reading of Article 38.22. The facts of the case appear to present a question of first impression,

requiring us to carefully examine the requirements set out in Article 38.22 quoted above. That provision authorizes admission of a confession if "[i]t be made orally and the defendant makes a statement of facts or circumstances that are found to be true, [and] which conduce to establish his guilt . . . ." For purposes of deciding the issue in the instant case, our construction of this clause is twofold. First, we hold that the term "confession", in addition to appellant's initial offer at the police station to lead the officers to the money and narcotics, must be broadly construed to include his incriminating outburst and detailed account of the crime, all of which occurred after the money was found. The later declarations constituted part of one continuous confession which began at the police station.

▮ The second point to be made with respect to this clause is that it requires *some* statement contained in the confession be found to be true and conduce to establish guilt, and not that the confession in *each* of its parts meets that test. Thus, the fact that the strongest incriminating declarations were made by appellant *after* the money was found should not render these declarations, which were parts of one continuous confession, inadmissible. This point becomes clearer when it is recognized that the most incriminating declaration ("I shot him") would not in itself lead to finding the money, whether made *before or after* it was found. Yet, there can be no doubt that if that portion of the confession were given before the money was found, the entire confession would be admissible. That, essentially, is the lesson of *Hayes v. State*, 502 S.W.2d 158, where this Court stated:

"In *McClure v. State*, 100 Tex.Cr.R. 545, 272 S.W. 157, we held that the stat-

ute relating to oral confessions sanctions the admission in evidence of the confession *in its entirety* so far as pertinent to the main fact at issue, *and not alone that part of it which leads to the discovery of the instruments* used in the commission of the offense. See also *Smith v. State*, 157 Tex.Cr.R. 637, 253 S.W.2d 665; *Grimes v. State*, 154 Tex.Cr.R. 199, 225 S.W.2d 978; *Alexander v. State*, 151 Tex. Cr.R. 235, 207 S.W.2d 881." (Emphasis added.)[1]

There should be no difference in result where, as in the instant case, the most incriminating part of appellant's confession was given after the earlier statement in that one, continuous confession led to evidence which conduced to establish his guilt.[2] There was no error in admission of the oral confession. Appellant's second ground of error is overruled.

▮ Appellant's nineteenth ground of error, complaining of testimony by Frazier that appellant told him he disposed of a mask and clothes, is similarly without merit. These statements by appellant were contained in his oral confession to the crime. The confession was admissible in its entirety. *Hayes v. State*, supra. This ground is overruled.

▮ The twenty-first ground of error challenges the proof of the voluntariness of appellant's oral confession. We have reviewed the evidence in the record concerning the taking of the confession and find it is sufficient to support the trial court's findings that the confession was freely and voluntarily given. It is undisputed that prior to commencement of the interrogation which led to the finding of the money and the complete confession, appellant was

1. Also see, *Weller v. State*, 16 Tex.App. 200, 211–215, overruling *Davis v. State*, 8 Tex.App. 510, on the rule allowing admission of the *entire* confession.

2. Appellant relies on *Smith v. State*, Tex.Cr. App., 514 S.W.2d 749, to support his argument concerning the admissibility of the oral confession. Although that case is distinguishable on its facts, it does shed some light on the question posed by the facts in the instant case. In *Smith* we held the defendant's oral statement inadmissible, stating "The contraband had been found prior to the conversation, . . . and nothing was discovered by the officers *as the result of* Smith's *replies to the officer's questions.*" (Emphasis added.) In the instant case, in contrast, the money was discovered as the result of appellant's *replies to the officer's* questions at the police station. Replies to the officer's questions led them to the hidden money.

warned of his constitutional rights and that he understood these warnings. There is no suggestion in the record that any physical abuse, threats, promises or coercion were exerted in securing appellant's confession. While the events took place at a late hour, this fact standing alone will not defeat a finding of voluntariness. Considering the totality of the circumstances, it must be concluded that the oral confession was shown to have been freely and voluntarily given. This ground of error is overruled.

The third ground of error alleges there is insufficient evidence to rebut an allegedly exculpatory written statement given by appellant. This contention is answered by pointing out that appellant's detailed oral confession outlined above rebutted any exculpatory account he might have previously given. This ground is overruled.

In the thirteenth ground of error appellant argues error was committed by the introduction of LSD tablets and marihuana discovered in connection with his oral confession. Assuming there was some objection to this evidence when offered, there was no objection to officer Frazier's testimony about finding the narcotics.[3] An objection must be urged at the earliest opportunity. *Garcia v. State*, Tex.Cr.App., 573 S.W.2d 12; *Cooper v. State*, Tex.Cr.App., 500 S.W.2d 837. Nothing is presented for review. This ground of error is overruled.

The fifteenth ground of error complains of the trial court's refusal to give a charge on circumstantial evidence. Appellant's oral confession, a full and complete admission of guilt, was properly admitted into evidence. In light of this direct evidence of appellant's guilt, a charge on circumstantial evidence was unnecessary. E. g., *Jackson v. State*, Tex.Cr.App., 548 S.W.2d 685; *Brown v. State*, Tex.Cr.App., 437 S.W.2d 828.

The twentieth ground of error challenges the sufficiency of the evidence to uphold the jury's finding of guilt. Appellant's confession was a full and complete admission of guilt to the offense charged. The evidence was sufficient to sustain the conviction. This ground of error is overruled.

Appellant's eighth ground of error urges State's Exhibit No. 40, a 12 gauge bolt action shotgun, was admitted into evidence without laying a proper predicate. There was testimony that appellant identified the shotgun as the one used in committing the offense. This evidence of appellant's admission was part of his oral confession for reasons explained in the discussion above. It is established that the weapon or instruments with which an offense has been committed or alleged to have been committed are admissible. *Lopez v. State*, Tex.Cr. App., 535 S.W.2d 643. No error is shown in admission of the shotgun. This ground of error is overruled.

Appellant's ninth ground of error concerns the admission into evidence of State's Exhibits Nos. 35–39, photographs relating to the discovery of the shotgun. These photographs were admitted into evidence without objection. Therefore, nothing is presented for review. Moreover, since we have held that the shotgun itself was admissible, the photographs descriptive of its discovery were likewise admissible. *Martin v. State*, Tex.Cr.App., 475 S.W.2d 265.

Appellant's fourth ground of error complains of the trial court's failure to grant a new trial because of the prosecutor's allusions to use and possession of a "sawed-off" shotgun. There were no objections to such allusions made in the State's opening statement. Objection, if any, to impeachment testimony of appellant's character witness was not timely. See *Garcia v. State*, supra; *Cooper v. State*, supra. No objection, request for a curative instruction or motion for mistrial was made when appellant's expert testified by bill of exception that the shotgun was not illegal. The

---

3. At the hearing on the motion to suppress the oral confession, none of the objections could be construed to embrace this matter.

only response made by the trial court to appellant's counsel's statement of the purpose of the bill was "Very well. I'll make that a part of the record." Nothing is presented for review. See *Mayberry v. State*, Tex.Cr.App., 532 S.W.2d 80. This ground of error is overruled.

■ Appellant's fifth and sixth grounds of error are directed to remarks made by the prosecutor in his opening statement concerning what the State expected to prove. Appellant cites no authority to support the contentions raised in these grounds. In the fifth ground it is urged that reversible error was committed by allowing the prosecutor to state his belief that the evidence would show that a conversation with David Colerider led police to the recovery of a "sawed-off" 12 gauge bolt action shotgun which was the murder weapon in this case. The State did not attempt to introduce evidence of this transaction during the trial.

Article 36.01, V.A.C.C.P., provides in part:

"3. The State's attorney shall state to the jury the nature of the accusation and the facts which are expected to be proved by the State in support thereof."

A preliminary statement of what the State expects to be proved is proper. No error has been shown and the fifth ground is overruled.

■ In the sixth ground, appellant contends it was error to allow the prosecutor, prior to a *Jackson v. Denno*[4] hearing to allude to a finding of money in appellant's car as part of appellant's oral statement. As we have held, the oral statement was properly admitted into evidence. No error was committed by allowing the opening remarks. The sixth ground of error is overruled.

■ The admission of photographs of the deceased's body, State's Exhibits Nos. 1, 14, 15, 16, 17 and 56 is the subject of appellant's seventh ground of error. Appellant contends these photographs, all of which, with the exception of No. 56, were taken at the apartment where deceased's body was found, were not probative of contested issues of fact and were highly prejudicial because they were calculated to inflame the minds of the jury. In *Martin v. State*, supra, this Court stated that if a verbal description of the body and the scene would be admissible, "a photograph depicting the same is admissible." Under *Martin*, these photographs were admissible.[5] See also *Cain v. State*, Tex.Cr.App., 549 S.W.2d 707.

■ In his first ground of error appellant argues the trial court erred in refusing to grant a mistrial when Frazier testified, in the presence of the jury, that a polygraph examination had been taken. The testimony complained of was as follows:

"Q. (By Mr. Taylor): Okay. After you explained to him [appellant] his rights, did you have a conversation with him?

"A. Yes, I did.

"Q. And what did the conversation consist of?

"A. Consisted first of all of talking with him about the results of a polygraph examination.

"MR. HEACOCK: Now, that's a mistrial."

Outside the presence of the jury, appellant's counsel asked for a mistrial based upon the witness' unresponsive remark, which touched upon inadmissible evidence. The unresponsive remark did not state the result of the polygraph, nor did it even refer

4. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

5. Moreover, the facts of the instant case are similar to those in *Brantley v. State*, Tex.Cr. App., 522 S.W.2d 519, where the photographs not only were pertinent to injuries suffered by the deceased and to a description of the place where the killing occurred, but were also material to corroboration of the defendant's confes-

sions. The corroboration element is present in this case. As to State's Exhibit No. 56, a photograph taken at the morgue by a pathologist, we note that *Brantley* sanctions the use of such evidence in support of a pathologist's testimony. Also, this was not a post-autopsy photograph, and would not be objectionable under our holding in *Terry v. State*, Tex.Cr.App., 491 S.W.2d 161.

to whom the examination was given. Further, the trial court instructed the jury to "disregard the use or the hearing of the word 'polygraph' in any respect." Under these circumstances, our prior decisions in *Reed v. State*, Tex.Cr.App., 522 S.W.2d 466, and *Roper v. State*, Tex.Cr.App., 375 S.W.2d 454, are in point and leave no question that no reversible error was committed. The first ground of error is overruled.

Appellant's tenth and eleventh grounds of error relate to the impeachment of appellant's reputation witness at the guilt-innocence phase of the trial. Specifically, he argues that "Have you heard" questions were improperly propounded. Assuming there was an objection, it was not timely. Appellant's counsel did not voice any objection until all the questions had been asked and answered. An objection must be made at the first opportunity to be considered timely. *Garcia v. State*, supra; *Cooper v. State*, supra. Appellant has not shown any reason for delaying his objection. See *Cooper*, supra. Accordingly, nothing is presented for review. The tenth and eleventh grounds of error are overruled.

The twelfth ground of error complains of the admission at the punishment stage of records from Travis County relating to an offense wherein appellant was granted a conditional discharge. Appellant received a life sentence from the jury. This was the minimum punishment allowed under the procedure set forth for capital cases in Article 37.071, V.A.C.C.P. Suffice it to say that any grounds of error relating to the punishment stage need not be considered when an appellant receives the most favorable verdict possible. This ground of error is overruled.

The sixteenth ground of error takes issue with the trial court's failure to require the prosecutor to elect on which count of the indictment he would try the case to the jury. After the State rested, appellant asked that the State be required "to make an election as to which count would be relied on." The trial court responded by stating that was a matter not to be considered until the close of all the testimony. At the close of all the testimony, appellant failed to renew his request. Appellant never secured an adverse ruling from the court. Moreover, it is not error to refuse to require an election before both sides have closed their evidence. *Hughes v. State*, Tex.Cr. App., 455 S.W.2d 303. Under the circumstances, nothing has been preserved for review. This ground of error is overruled.

The seventeenth ground of error is predicated upon the trial court's refusal to allow appellant to show the true character of the deceased or his record of prior criminal convictions. No offer of proof by bill of exception was made as to what the evidence excluded would have been. Nothing is presented for review. *James v. State*, Tex. Cr.App., 546 S.W.2d 306, 311 and cases cited. This ground of error is overruled.

In the eighteenth ground of error it is contended the trial court erred in commenting on the weight of the evidence at two different points in the trial. As to the first of these allegedly improper comments, it is highly doubtful that the objection at trial conforms to the ground presented on appeal, and it is clear that no adverse ruling was obtained. Nothing is presented for review. See *Milligan v. State*, Tex.Cr.App., 554 S.W.2d 192 (conformity); *Austin v. State*, Tex.Cr.App., 451 S.W.2d 491 (ruling). As to the second complained of comment, there was no objection. Nothing is before us for review. This ground of error is overruled.

Finding no reversible error, the judgment is affirmed.