**Orlando REYES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–074–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 23, 1983.

Rehearing Denied May 24, 1984.

John Peterson, Beeville, for appellant.

Tom Bridges, Sinton, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

OPINION

YOUNG, Justice.

This is an appeal from a jury conviction of Orlando Reyes for aggravated robbery. The trial judge assessed punishment of imprisonment for 20 years. The sufficiency of the evidence is not challenged. We affirm.

The police found keys which implicated appellant in the present case when appellant was arrested for committing a different felony. The police watched Ulloa, Morales, and appellant steal a motorcycle and followed the suspects. The police lost the suspects for two or three minutes but saw Ulloa and either Morales or Reyes enter an apartment. The police surrounded the apartment and obtained an arrest warrant. The police did not immediately enter the apartment even though they were pursuing fleeing suspects.

The complaint referred to appellant as an "Unidentified latin (sic) American Male." The sheet attached to the complaint further identified Reyes as, "... observed ... in the act of theft of vehicle. Said officers

persued (sic) said persons as they fled driving a 1975 Plymouth, 4 door, biege in color, bearing Texas Licenses plates Number GSH 307, Officers persued (sic) said vehicle to Opal Apt. complex in Beeville, Bee County, Texas and observed two of said persons enter Apt. No. 138 and No. 139 in said Apt Complex. Subject No. 1 identified as David Iola, Subject No. 2 identified as a Latin American Male Approx 21 years old wearing tan clothing and small hat." The arrest warrant authorized arresting "DAVID IOLA AND UNIDENTIFIED LATIN MALE."

About the background leading to the questioned search, the record reflects the following. The police entered the apartment, found appellant awake on a bed in a bedroom, told appellant to get up, and arrested him. He refused to get up. A scuffle ensued in the bedroom when the police officers attempted to handcuff appellant. The scuffle continued into the living room. One of the policemen had a pocket torn from his shirt and lost his glasses and the case for his glasses. The policeman located the glasses and the Sigmor keys (keys to the robbed establishment) in plain view in an open closet about five feet from where they first located the appellant. The prosecutor introduced the keys as evidence against appellant in the present trial.

Appellant's sole ground of error is that the trial court erroneously "... ruled that a search following the Defendant's arrest on another charge was valid. The search was conducted incidental to an arrest based on a warrant of arrest that failed to name the Defendant when the Defendant's name was known to the arresting officer. The fruits of the invalid search were then used as the probable cause to charge the Defendant in the instant case."

As we understand appellant's complaint, he seems to argue that the police used an invalid arrest warrant to obtain the Sigmor keys and that the trial judge improperly admitted fruit from an invalid search in appellant's trial.

Prior to trial, appellant did not file a motion in limine to prevent the prosecutor from mentioning the Sigmor keys. Appellant did not file a motion to suppress evidence about the keys. Nor did he challenge the validity of the arrest warrant or question whether the keys were the fruit of an invalid search.

During the trial, appellant did not object when Estavan Cortez, president and manager of the Sigmor station, testified that the keys had disappeared during the robbery and that the police had returned these keys. Appellant did not object when the trial court admitted the Sigmor keys into evidence, when the prosecutor substituted a photograph for the keys, or when the trial court admitted the photograph into evidence.

 For trial court error to be preserved, an objection must be timely made by urging it at the earliest opportunity. *Marini v. State,* 593 S.W.2d 709 (Tex.Cr. App.1980); *Wilburn v. State,* 636 S.W.2d 771 (Tex.App.—Corpus Christi 1982, no petition). Appellant did not properly raise or preserve the ground of error, so there is nothing for us to review. The ground of error is overruled.

The trial court's judgment is affirmed.