IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-011-CR





RONALD SORRELLS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 104,285, HONORABLE BOB PERKINS, JUDGE



 





PER CURIAM

 A jury found appellant guilty of delivery of a controlled substance, cocaine, (1) and
assessed punishment, after enhancement, (2) at eighty-five years' imprisonment. The trial court
sentenced appellant accordingly. Appellant challenges his conviction in two points of error. 
Appellant asserts the trial court erred when it:  (1) introduced evidence concerning drug dealers'
propensity to carry weapons; and (2) allegedly violated Tex. Code Crim. Proc. Ann. art. 36.27
(Vernon 1981). We will affirm the conviction.

 In his first point of error, appellant asserts the trial court erred in overruling his
objection to the introduction of evidence by the State concerning drug-dealers' propensity to carry
weapons. The testimony was elicited on direct examination of Austin police officer Gary Duty. 
Duty testified that on July 16, 1990, the date of the offense, he was assigned to the department's
repeat offender program. Don Mays, an undercover officer with the repeat offender program,
was assigned to buy crack cocaine as part of an undercover operation targeting repeat offenders. 
Duty was part of an arrest team covering Mays while he attempted his "buy." Duty testified about
the neighborhood where the undercover operation took place and described the methods drug
dealers use when selling drugs. Thereafter, the following exchange occurred:

 


 Ms. Wetzel [Prosecutor]: Can you tell us the purpose of having a cover team of
several officers to supervise or to back up this one officer who's buying one rock
of crack cocaine?


 Duty: The primary objective is for the officer's protection, so that if something
does erupt there'll be plenty of people that know what's going on and where it's
going on at, to come to the officer's assistance.


 Ms. Wetzel: What could erupt? What is it that you're having to protect him from?


 Duty: It could be a robbery, any one of these drug dealers could rob him or
attempt to rob him. Someone might make him as a police officer and most of
these, not most of these people, a lot of these people carry guns, weapons.


 Ms. Wetzel: Is Officer Mays -- was Officer Mays carrying a gun the day that he
went to buy cocaine?


 Duty: Personally, I don't know.


 Ms. Wetzel: Is it common for a police officer to carry a gun or not to carry a gun?


 Duty: To carry a gun.


 Ms. Wetzel: Is he wearing a bullet proof vest.


 Duty: Probably not. I don't know, particularly.


 Ms. Wetzel: Do you often make cocaine buys?


 Duty: I have, yes.


 Ms. Wetzel: Did you wear a bullet proof vest?


 Duty: No.


 Mr. Gates [Defense Counsel]: At this time, Your Honor, I guess I'm going to
have to object. I don't know anything about bullet proof vests or guns or anything,
any violence or anything, that's occurred in this alledged [sic] offense that has
anything to do with this question. This is far afield.


 THE COURT: Any response to the objection?


 Ms. Wetzel: Is the objection relevancy?


 Mr. Gates: Yes.


 Ms. Wetzel: We're just putting the offense in perspective and explaining the need
for a cover team. The defense lawyer asked about this one officer, one rock, and
one hand-to-hand deal. We're explaining to the jury why they need more than one
officer out there at the scene.


 THE COURT: I believe the last question was as to whether or not he wore a
bullet proof vest or something to that effect; is that correct?


 Ms. Wetzel: Yes, sir.


 Mr. Gates: Your Honor, I think they're trying to make a lot more out of
something than there is to it. I mean, we can deal with the facts of the case.


 THE COURT: I'll overrule the objection. You may answer the question.


 Duty: No, I wore no bullet proof vest.


Appellant's defense counsel failed to object to this line of questioning until after the State had
asked Duty if he had worn a bullet-proof vest and Duty answered. An objection must be urged
at the earliest opportunity. Marini v. State, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980). 
Nothing is presented for review.

 In any event, the error, if any, is harmless. Tex. R. App. P. Ann. 81(b)(2) (Supp.
1991). The testimony elicited by the question to which appellant finally objected was that Duty
was not wearing a bullet proof vest. We conclude beyond a reasonable doubt that this testimony
did not contribute to appellant's conviction or punishment. Appellant's first point of error is
overruled.

 In his second point of error, appellant asserts the trial court committed reversible
error because it violated Tex. Code Crim. P. Ann. art. 36.27. Article 36.27 provides in pertinent
part: 

 


 When the jury wishes to communicate with the court, it shall so notify the sheriff,
who shall inform the court thereof. Any communication relative to the cause must
be written, prepared by the foreman and shall be submitted to the court through the
bailiff. The court shall answer any such communication in writing, and before
giving such answer to the jury shall use reasonable diligence to secure the presence
of the defendant and his counsel, and shall first submit the question and also submit
his answer to the same to the defendant or his counsel or objections and
exceptions, in the same manner as any other written instructions are submitted to
such counsel, before the court gives such answer to the jury, but if he is unable to
secure the presence of the defendant and his counsel, then he shall proceed to
answer the same as he deems proper. The written instruction or answer to the
communication shall be read in open court unless expressly waived by the
defendant.


Tex. Code Crim. P. Ann. art. 36.27 (Vernon 1981).

 During its deliberations, the jury sent a note to the court. After the court received
this note the record reflects that the following occurred:


 

 All right, we'll reconvene at this time, outside the presence of the jury. Let the
record reflect the jury has sent out the following note: "What is the relationship
between sentence assessed and parole eligibility?" [sic] Also, "Which [sic] results
in a longer period before eligibility, life sentence or 99 years?" I propose to
answer them by stating to them, "I cannot answer your questions. Follow the
charge that you have already been given." Do y'all have any objections to that?


 Ms. Wetzel: No, sir.


 Mr. Gates: You're, right. I do agree with it.


The note and response were sent back to the jury room. Appellant asserts that he was not present
in the courtroom during this exchange; he was not asked if he agreed with the court's response;
and the court's response was not read in open court.

 Appellant neither objected to, nor created a bill of exception to show, the court's
non-compliance with article 36.27. Nothing is presented for review. Ransom v. State, 789
S.W.2d 572, 589 (Tex. Crim. App. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 3255 (1990);
Hawkins v. State, 660 S.W.2d 65, 80-81 (Tex. Crim. App. 1983); Tex. R. App. P. 52(a) (Supp.
1991). 

 Appellant urges that this Court find that his pro se motion for mistrial preserved
error. When the jury returned from deliberations, appellant objected as follows:



 Your Honor, I want to make an objection to the jury to discuss [sic] the possibility
of parole as being unconstitutional as in Rolls vs. State. I want it entered into the
records at the convenience of the Court. On these grounds I move for a mistrial
and ask for a ruling."

 

The court denied appellant's motion. Appellant's objection and motion do not raise, and are not
based on, the court's non-compliance with article 36.27. 

 Finally, the Court's response to the jury note is not an additional instruction on the
law or a comment on a phase of the case. Nacol v. State, 590 S.W.2d 481, 486 (Tex. Crim. App.
1979). Therefore, no reversible error is shown. Id.; Rodriguez v. State, 625 S.W.2d 101, 102
(Tex. App. 1981, pet. ref'd). Appellant's second point of error is overruled.

 The judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed:  January 8, 1992

[Do Not Publish]
1.   Tex. Health & Safety Code Ann. § 481.112(a) (Supp. 1991).
2.   Appellant had a previous felony conviction for delivery of cocaine.