Kenneth Ray Howell v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-018-CR

     KENNETH RAY HOWELL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 66th District Court
Hill County, Texas
Trial Court # 30,476
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Howell appeals from his conviction for attempted capital murder for which he was
sentenced to life in the Texas Department of Criminal Justice-Institutional Division and a $10,000
fine. 
      Late in the afternoon of June 16, 1995, Donna Emery returned from shopping at the Outlet
Mall in Hillsboro to her home in Covington. It was hot and she was tired. She turned on an air
conditioner in her bedroom and lay down on the bed. She heard someone on her porch. She went
to the door. Appellant was on her porch. He discussed with her the purchase of her home. He
asked if he could come in and she allowed him to come into her house. After coming into her
house he produced a gun; he sexually assaulted her; he assaulted her with his hand and with the
gun; he took items from her purse; and upon leaving the house he shot her in the top of the head. 
Her mother found her lying on the floor the next morning. She survived and furnished enough
information to the sheriff's department that Appellant was arrested on June 17. Appellant was
convicted by a jury for attempted capital murder and the jury assessed his punishment at life in
prison and a $10,000 fine.
      Appellant appeals on one point of error: "The trial court erred in failing to suppress certain
oral statements of Appellant in violation of art. 38.22 of the Texas Code of Criminal Procedure."
      On June 17, 1995, Donna Emery, a 50-year-old female, was found beaten and shot in her
home by her mother. When law enforcement and emergency personnel arrived she said she had
been raped, beaten, shot and left for dead the day before.
      An investigation by the sheriff's department led investigators to believe that Appellant was
responsible. Appellant was arrested at his apartment in Whitney that same day. Among the
arresting officers were Sheriff Button and Captain West of the Hill County Sheriff's Department.
      After Appellant's arrest, which was under a warrant issued by Justice of the Peace Ward,
Appellant was read his Miranda warnings.
      Appellant waived his right to remain silent and his right to counsel and advised Button and
West of having an altercation with Ms. Emery the day before at her home but did not admit to
raping, robbing or intentionally shooting Emery.
      Appellant led Button and West on a search on June 17 and 18 that resulted in a recovery of the
.25-caliber handgun which caused the gunshot wound to Emery, as well as her checkbook and
wallet which Appellant took when he left her house. Appellant had thrown the items out on several 
farm-to-market roads in rural Hill County.
      At the time of Appellant's arrest, and during several occasions on the date of his arrest and the 
day following his arrest, Appellant made several oral statements to West regarding his involvement
in the offense. These oral statements were not recorded electronically and Appellant never gave
a written statement.
      Prior to trial Appellant filed a motion to suppress the oral statements. At the suppression
hearing Appellant claimed the oral statements should be suppressed as inadmissible under art.
38.22. The State contended the statements were admissible under art. 38.22, § 3(c) because the
statements led to the discovery of property that was involved in the offense.
      The trial court denied the motion to suppress and entered its findings pursuant to art. 38.22,
§ 6. The court found that "the statements of defendant led to the discovery of the disposition of
stolen property which conduced to establish the guilt of the defendant."
At trial Officer West testified in rebuttal about the complained-of statements without objection.
 
Article 38.22, § 3
            (a)  No oral statement . . . of an accused made as a result of custodial
interrogation shall be admissible against the accused in a criminal
proceeding unless:
                        (1)an electronic recording which may include motion pictures,
videotape, or other visual recording, is made of the statement;
(2)prior to the statement . . . the accused is given the warning
(Miranda warning) . . . and the accused knowingly,
intelligently and voluntarily waives any rights set out in the
warning;
. . . .
 
            (c)  Subsection (a) of this section shall not apply to any statement which
contains assertions of facts or circumstances that are found to be true
and which conduce to establish the guilt of the accused, such as the
finding of secreted or stolen property or the instrument with which he
states the offense was committed.
 
      Specifically, Appellant asserts that since the statements were made over the course of the
investigation, i.e. two days, each should be analyzed independently.
      The trial judge, in denying Appellant's motion to suppress, found the statements of Appellant
led to the discovery of property involved in the offense; that Appellant had been given all of his
Miranda warnings; that the statements were freely and voluntarily made; and that the statements
were admissible. 
      The trial judge is the sole and exclusive trier of fact and judge of the credibility of the witness
as well as the weight to be given the testimony at the hearing on a motion to suppress. Romero v.
State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).
      Marini v. State, 593 S.W.2d 709, 713 (Tex. Crim. App 1980), is directly on point and holds
that "the term 'confession' in addition to Appellant's initial offer at the police station to lead
officers to the money and narcotics, is broadly construed to include his incriminating outburst and
detailed account of the crime, all of which occurred after the money was found. The later
declarations constitute part of one continuous confession which began at the police station."
      The information testified to by Officer West in rebuttal was admissible under Romero and
Marini, supra, as statements made as a part of one continuing confession and as such were
admissible.
      Point one is overruled. 
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 3, 1997
Do not publish