

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-07-172-CR**

---

STEVE R. KING                                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Steve R. King appeals from his conviction for delivery of a controlled substance. We affirm.

### Background

Fort Worth Police Officer Tracy Crowe testified that on July 19, 2005, she was working undercover with Detective Roy Hudson in an area of town notorious for drug activity. She said that after unsuccessfully attempting to

---

[1] *See* TEX. R. APP. P. 47.4.

buy drugs at a suspected crack house, she and Detective Hudson, with Detective Hudson at the wheel, were driving to another location when Appellant yelled and waived to them.

Detective Hudson made a u-turn and drove toward Appellant, who was walking away from a man sitting on a chair next to a Dumpster. Appellant ran up to the vehicle and spoke to Detective Hudson. Officer Crowe testified that Appellant asked, "[W]hat are you looking for?" and that Detective Hudson said they were looking for "twenty hard," which is street slang for $20 worth of crack cocaine. Officer Crowe said that Appellant said "okay" and stuck his hand out and that Detective Hudson gave him a $20 bill.

Officer Crowe testified that Appellant ran back to the man sitting by the Dumpster—later identified as Kenneth Wilson—and handed him the $20 bill and that Wilson handed something to Appellant. Appellant ran back to the car and dropped a rock of crack cocaine into Detective Hudson's hand. Officers Hudson and Crowe then drove away and radioed an arrest team waiting nearby to move in. Officer Crowe said that the arrest team arrested Appellant and Wilson, found on Wilson the $20 that Detective Hudson had given Appellant, and found more crack cocaine hidden on the Dumpster during a search incident to the arrests.

2

Detective Hudson also testified. His testimony was essentially the same as Officer Crowe's.

Officer Jeff Lucio testified that he was on the arrest team on the day in question. He said that when the arrest team received the "bust" signal from Officer Crowe, he and the other members of the arrest team immediately moved in and arrested the only two people in the area, Appellant and Wilson. In a search incident to the arrests, the arrest team found on Wilson the $20 bill Detective Hudson had given to Appellant, which had been photocopied earlier in the day to aid in later identification. Officer Lucio explained that drug dealers often conceal their stash of drugs somewhere other than on their persons in the hope that police will not discover the stash if they arrest the dealer, so his team always searches the immediate area when making a drug bust. A search of the area immediately around Wilson found a baggie containing a substance later identified as 1.19 grams of crack cocaine concealed on the Dumpster in one of the sleeves used by the lift arms of a garbage truck to lift and empty the Dumpster. The baggie containing the 1.19 grams of cocaine was admitted as State's exhibit 2 over Appellant's objections, and its admission forms the basis of his second point on appeal.

Dr. Yin Zhang, a forensic scientist with the Fort Worth crime lab, testified that the substance Appellant delivered to Detective Hudson was .20 grams of

3

crack cocaine and that the substance found on the Dumpster was 1.19 grams of crack cocaine.

The defense called Kenneth Wilson. Wilson testified that two police officers driving a Bronco approached him and other people standing on the street and asked if they had "20 for hard." Wilson said that the female officer was driving the vehicle and the male officer was riding in the passenger seat, contrary to Officer Crowe's and Detective Hudson's testimony. Wilson testified that Appellant spoke to the officers and then walked over to where Wilson was seated next to the Dumpster. Wilson stated that all of the drugs hidden on the Dumpster were his. According to Wilson, Appellant handed him a $20 bill, retrieved something from the Dumpster, and gave it to the officers. Wilson said that he did not give drugs to Appellant and that he did not know if the substance Appellant gave to the officers was really drugs. On cross-examination, Wilson said that Appellant did not need his permission to access the stash in the Dumpster. He also said that Appellant was working for him that day.

The jury convicted Appellant of delivery of a controlled substance of less than one gram. Punishment was tried to the bench. The State offered evidence of two prior felony convictions. Appellant also testified. He said that he was working for himself, not Wilson, on the day in question, and he

4

admitted that he gave the officers drugs for money and that he was a drug dealer. The trial court assessed punishment at twenty years' confinement.

**Factual Sufficiency**

In his first point, Appellant challenges the factual sufficiency of the evidence to support his conviction. When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

A person commits the offense of delivery of a controlled substance if the person knowingly delivers a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon 2003).

5

Appellant argues that the conflict between the testimony of Officer Crowe and Detective Hudson on the one hand and Kenneth Wilson on the other renders the evidence factually insufficient, apparently because Wilson's testimony suggests that whatever Appellant gave to the officers was not cocaine. Wilson testified that his stash of drugs was in the Dumpster, that Appellant did not need his permission to access the stash, that Appellant retrieved something from the Dumpster and gave it to the officers, and that Wilson did not know if the substance Appellant gave to the officers was really drugs. Officer Crowe and Detective Hudson testified that Appellant delivered to them a substance that appeared to be crack cocaine, and Dr. Zhang testified that the substance was .20 grams of crack cocaine. To the extent that there is a conflict in the testimony as to whether the substance was cocaine, this conflict was a question for the jury to resolve. *See Watson*, 204 S.W.3d at 417. The jury resolved it against Appellant. We cannot say that the evidence supporting the verdict was so weak that the jury's determination was clearly wrong and manifestly unjust or that conflicting evidence so greatly outweighs the evidence supporting the conviction that the jury's determination was manifestly unjust; thus, the evidence is factually sufficient to support the jury's guilty verdict. *See id.* at 414–15, 417. We overrule Appellant's first point.

6

## Admission of Drugs Found on Dumpster

In his second point, Appellant argues that the trial court erred by admitting into evidence State's exhibit 2—the drug stash police found hidden on the Dumpster—over his relevancy and rule 403 objections. *See* TEX. R. EVID. 403. The State replies that Appellant's objections were untimely because he did not object to earlier testimony about the stash's discovery.

A party must object to evidence as soon as the basis for the objection becomes apparent. TEX. R. EVID. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App.), *cert. denied*, 522 U.S. 917 (1997). When a party objects to the admission of physical drug evidence after a police officer has already testified about finding the drugs without objection, nothing is presented for review. *Marini v. State*, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980) ("[A]ppellant argues error was committed by the introduction of LSD tablets and marihuana discovered in connection with his oral confession. Assuming there was some objection to this evidence when offered, there was no objection to officer Frazier's testimony about finding the narcotics. An objection must be urged at the earliest opportunity. Nothing is presented for review." (Citations omitted)).

Before the State offered its exhibit 2, Officers Crowe and Lucio both testified without objection that police found a stash of crack cocaine when they

searched the Dumpster.  Because Appellant failed to urge his objection at the earliest opportunity, i.e., when the officers testified about finding the drugs, he waived his subsequent objection to the admission of the drugs themselves, and nothing is presented for our review.  *See id.*  We overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 26, 2008