COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-172-CR

 

 

STEVE R. KING                                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE
297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Steve R. King appeals from his
conviction for delivery of a controlled substance.  We affirm.

                                            Background








Fort Worth Police Officer Tracy Crowe testified
that on July 19, 2005, she was working undercover with Detective Roy Hudson in
an area of town notorious for drug activity. 
She said that after unsuccessfully attempting to buy drugs at a
suspected crack house, she and Detective Hudson, with Detective Hudson at the
wheel, were driving to another location when Appellant yelled and waived to
them. 

Detective Hudson made a u-turn and drove toward
Appellant, who was walking away from a man sitting on a chair next to a
Dumpster.  Appellant ran up to the
vehicle and spoke to Detective Hudson. 
Officer Crowe testified that Appellant asked, A[W]hat
are you looking for?@ and that Detective Hudson said
they were looking for Atwenty hard,@ which
is street slang for $20 worth of crack cocaine. 
Officer Crowe said that Appellant said Aokay@ and
stuck his hand out and that Detective Hudson gave him a $20 bill.   

Officer Crowe testified that Appellant ran back
to the man sitting by the DumpsterClater
identified as Kenneth WilsonCand
handed him the $20 bill and that Wilson handed something to Appellant.  Appellant ran back to the car and dropped a
rock of crack cocaine into Detective Hudson=s
hand.  Officers Hudson and Crowe then
drove away and radioed an arrest team waiting nearby to move in.  Officer Crowe said that the arrest team
arrested Appellant and Wilson, found on Wilson the $20 that Detective Hudson
had given Appellant, and found more crack cocaine hidden on the Dumpster during
a search incident to the arrests. 








Detective Hudson also testified.  His testimony was essentially the same as
Officer Crowe=s.

Officer Jeff Lucio testified that he was on the
arrest team on the day in question.  He
said that when the arrest team received the Abust@ signal
from Officer Crowe, he and the other members of the arrest team immediately
moved in and arrested the only two people in the area, Appellant and
Wilson.  In a search incident to the
arrests, the arrest team found on Wilson the $20 bill Detective Hudson had
given to Appellant, which had been photocopied earlier in the day to aid in
later identification.  Officer Lucio
explained that drug dealers often conceal their stash of drugs somewhere other
than on their persons in the hope that police will not discover the stash if
they arrest the dealer, so his team always searches the immediate area when
making a drug bust.  A search of the area
immediately around Wilson found a baggie containing a substance later
identified as 1.19 grams of crack cocaine concealed on the Dumpster in one of
the sleeves used by the lift arms of a garbage truck to lift and empty the
Dumpster.  The baggie containing the 1.19
grams of cocaine was admitted as State=s
exhibit 2 over Appellant=s objections, and its admission
forms the basis of his second point on appeal.








Dr. Yin Zhang, a forensic scientist with the Fort
Worth crime lab, testified that the substance Appellant delivered to Detective
Hudson was .20 grams of crack cocaine and that the substance found on the
Dumpster was 1.19 grams of crack cocaine. 


The defense called Kenneth Wilson.  Wilson testified that two police officers
driving a Bronco approached him and other people standing on the street and
asked if they had A20 for hard.@  Wilson said that the female officer was
driving the vehicle and the male officer was riding in the passenger seat,
contrary to Officer Crowe=s and Detective Hudson=s
testimony.  Wilson testified that
Appellant spoke to the officers and then walked over to where Wilson was seated
next to the Dumpster.  Wilson stated that
all of the drugs hidden on the Dumpster were his.  According to Wilson, Appellant handed him a
$20 bill, retrieved something from the Dumpster, and gave it to the
officers.  Wilson said that he did not
give drugs to Appellant and that he did not know if the substance Appellant
gave to the officers was really drugs. 
On cross-examination, Wilson said that Appellant did not need his
permission to access the stash in the Dumpster. 
He also said that Appellant was working for him that day. 








The jury convicted Appellant of delivery of a
controlled substance of less than one gram. 
Punishment was tried to the bench. 
The State offered evidence of two prior felony convictions.  Appellant also testified.  He said that he was working for himself, not
Wilson, on the day in question, and he admitted that he gave the officers drugs
for money and that he was a drug dealer. 
The trial court assessed punishment at twenty years=
confinement.  

                                        Factual
Sufficiency

In his first point, Appellant challenges the
factual sufficiency of the evidence to support his conviction.  When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005). 
We then ask whether the evidence supporting the conviction, although
legally sufficient, is nevertheless so weak that the fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s determination is manifestly
unjust.  Watson, 204 S.W.3d at 414B15, 417;
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.

A person commits the offense of delivery of a
controlled substance if the person knowingly delivers a controlled
substance.  Tex. Health & Safety Code Ann. '
481.112(a) (Vernon 2003).








Appellant argues that the conflict between the
testimony of Officer Crowe and Detective Hudson on the one hand and Kenneth
Wilson on the other 

renders the evidence factually insufficient, apparently because Wilson=s
testimony suggests that whatever Appellant gave to the officers was not
cocaine.  Wilson testified that his stash
of drugs was in the Dumpster, that Appellant did not need his permission to
access the stash, that Appellant retrieved something from the Dumpster and gave
it to the officers, and that Wilson did not know if the substance Appellant
gave to the officers was really drugs. 
Officer Crowe and Detective Hudson testified that Appellant delivered to
them a substance that appeared to be crack cocaine, and Dr. Zhang testified
that the substance was .20 grams of crack cocaine.  To the extent that there is a conflict in the
testimony as to whether the substance was cocaine, this conflict was a question
for the jury to resolve.  See Watson,
204 S.W.3d at 417.  The jury resolved it
against Appellant.  We cannot say that
the evidence supporting the verdict was so weak that the jury=s determination
was clearly wrong and manifestly unjust or that conflicting evidence so greatly
outweighs the evidence supporting the conviction that the jury=s
determination was manifestly unjust; thus, the evidence is factually sufficient
to support the jury=s guilty verdict.  See id. at 414B15,
417.  We overrule Appellant=s first
point.

 








                          Admission
of Drugs Found on Dumpster

In his second point, Appellant argues that the
trial court erred by admitting into evidence State=s
exhibit 2Cthe drug stash police found
hidden on the DumpsterCover his relevancy and rule 403
objections.  See Tex. R. Evid. 403.  The State replies that Appellant=s
objections were untimely because he did not object to earlier testimony about
the stash=s discovery.

A party must object to evidence as soon as the
basis for the objection becomes apparent. 
Tex. R. Evid. 103(a)(1); Lagrone
v. State, 942 S.W.2d 602, 618 (Tex. Crim. App.), cert. denied, 522
U.S. 917 (1997).  When a party objects to
the admission of physical drug evidence after a police officer has already
testified about finding the drugs without objection, nothing is presented for
review.  Marini v. State, 593
S.W.2d 709, 714 (Tex. Crim. App. 1980) (A[A]ppellant
argues error was committed by the introduction of LSD tablets and marihuana
discovered in connection with his oral confession.  Assuming there was some objection to this
evidence when offered, there was no objection to officer Frazier=s
testimony about finding the narcotics. 
An objection must be urged at the earliest opportunity.  Nothing is presented for review.@
(Citations omitted)).








Before the State offered its exhibit 2, Officers
Crowe and Lucio both testified without objection that police found a stash of
crack cocaine when they searched the Dumpster. 
Because Appellant failed to urge his objection at the earliest
opportunity, i.e., when the officers testified about finding the drugs, he
waived his subsequent objection to the admission of the drugs themselves, and
nothing is presented for our review.  See
id.  We overrule Appellant=s second
point.

                                             Conclusion

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  August 26, 2008











[1]See Tex. R. App. P. 47.4.