Carl Michael PETERS, Appellant,

v.

The STATE of Texas, State.

Ernest Leon RANDALL, Appellant,

v.

The STATE of Texas, State.

Nos. 2–93–018–CR, 2–93–010–CR.

Court of Appeals of Texas, Fort Worth.

April 26, 1994.

Jack G. Duffy, Jr., Fort Worth, for appellant Ernest Randall.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles Mallin, Asst. Chiefs of Appellate Section, Jane Ritter, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

David L. Richards, Fort Worth, for appellant Carl Peters.

Before LATTIMORE, DAY and FARRAR, JJ., in No. 2–93–010–CR.

Before WEAVER, HICKS and FARRAR, JJ., in No. 2–93–018–CR.

OPINION

FARRAR, Justice.

Appellant, Ernest Leon Randall, appeals the trial court's order revoking probation and assessing punishment of twenty years con-

finement in the Texas Department of Criminal Justice Institutional Division for the underlying conviction of aggravated sexual assault of a child. TEX.PENAL CODE ANN. § 22.-021 (Vernon 1989).

Appellant, Carl Michael Peters, appeals the trial court's judgment assessing punishment of twenty years confinement in the Texas Department of Criminal Justice, Institutional Division following appellant's plea of nolo contendere for indecency with a child. TEX.PENAL CODE ANN. § 22.011 (Vernon 1989).

Although appellants were not tied together below, each appellant raises a single point of error, raising the same question of law and asserting the same legal theories and arguments.

We affirm.

In the sole point of error, appellants contend the judgments of the trial courts are void *ab initio* because the trial judges were elected in at-large elections in violation of the Voting Rights Act of 1965. 42 U.S.C.A. § 1973 (West 1981).

Appellants' challenge to the trial courts' jurisdiction is untimely. When a judge is holding office under color of title by appointment or election, the proper method for challenging the authority of the trial judge is to bring a direct action through *quo warranto* proceedings rather than a collateral attack on appeal. *Archer v. State,* 607 S.W.2d 539, 543 (Tex.Crim.App. [Panel Op.] 1980), *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981); *Brokenberry v. State,* 853 S.W.2d 145, 148 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

Even if appellants' challenge were timely, we note they lack standing to challenge the election of the trial judges under the Voting Rights Act. Standing under the Voting Rights Act is limited to a private litigant attempting to protect his right to vote and seeking judicial enforcement of the prohibition against the infringement on that right due to his race. *See Roberts v. Wamser,* 883 F.2d 617, 621 (8th Cir.1989). Moreover, the remedy appellants seek is not provided by the Voting Rights Act. *See id.* The remedies available under the act focus on the enforcement of the right to vote. *See id.*

Finally, we note the principal authority upon which appellants rely has been reversed. *See League of United Latin American Citizens v. Clements,* 999 F.2d 831, 861 (5th Cir.1993), (reversing 914 F.2d 620 (5th Cir.1990)), *cert. denied,* —— U.S. ——, 114 S.Ct. 878, 127 L.Ed.2d 74 (1994). The court found partisan affiliation, not racial bloc voting, best explained divergent voting patterns among minority and white voters in most counties. *Id.* After a thorough review of the law as it applied to the voting history in Tarrant County, the Fifth Circuit found no pattern of illegal vote dilution as a matter of law. *LULAC,* 999 F.2d at 887. Accordingly, there is no basis for appellants' claim.

The judgments of the trial court are affirmed for each appellant.