TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00652-CR







Robert Edward Baker, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,632, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







Appellant fatally stabbed Alejandro Ortiz on the night of May 25, 1995. Appellant testified
that he acted in self-defense. The jury rejected the defense and found appellant guilty of murder. Tex.
Penal Code Ann. § 19.02 (West 1994). The district court assessed punishment at imprisonment for forty
years.

In his first point of error, appellant contends the district court should have declared a
mistrial during the State's questioning of one of the investigating police officers. The officer testified that
a knife sheath was found near appellant's car. No comparable latent fingerprints were found on the sheath. 
The officer explained that there were several reasons why a fingerprint examiner might conclude that latent
prints were not comparable. In this connection, the prosecutor asked, "And they're not ones to speculate
based upon a smudge?" Appellant objected that the question called for speculation. The objection was
sustained and the jury was instructed to disregard the question, but appellant's motion for mistrial was
overruled.

The question was never answered. Merely asking an improper question will usually not
constitute reversible error and may be cured or rendered harmless by an instruction to disregard. Guzmon
v. State, 697 S.W.2d 404, 408 (Tex. Crim. App. 1985); Rogers v. State, 725 S.W.2d 350, 359 (Tex.
App.--Houston [1st Dist.] 1987, no pet.). The prosecutor's question was not obviously harmful to
appellant and the district court's instruction to disregard was sufficient to cure any error. The court did not
abuse its discretion by overruling the motion for mistrial. Point of error one is overruled.

Appellant also requested a mistrial during his cross-examination of a witness to the
stabbing. In her direct testimony, the witness stated that the victim had his hands in the air when appellant
stabbed him. During cross-examination, defense counsel read a portion of the witness's written statement
to the police. The statement suggested that the victim threw up his hands after he was stabbed. After the
witness acknowledged making the statement, the prosecutor said, apparently to defense counsel, "You
want to continue on?" Counsel objected to this sidebar comment, the objection was sustained, and the
court admonished the prosecutor not to "engage in side bar." A motion for mistrial was overruled.

A sidebar remark requires reversal only if it interferes with the defendant's right to a fair
trial. Brokenberry v. State, 853 S.W.2d 145, 152 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). 
Appellant argues that the prosecutor's remark insinuated that defense counsel was withholding pertinent
information by not reading the full statement. While this may be true, the court's instruction to disregard
was sufficient to remove any prejudice. We also note that defense counsel passed the witness after this
incident and that the prosecutor immediately introduced the remainder of the statement. (1) Under the
circumstances, appellant's right to a fair trial was not prejudiced by the prosecutor's improper and
unnecessary remark. Point of error five is overruled.

Two points of error complain of statements by the prosecutor during his cross-examination
of appellant. Early in the examination, the prosecutor asked appellant if the knife used to stab Ortiz was
double-edged. Appellant replied, "I suppose." Later, the prosecutor read to appellant a portion of his
written statement to the police in which he said that the weapon was "a black, double edged knife." 
Appellant acknowledged making the statement. The prosecutor then said, "You told this jury a few minutes
ago you didn't know but you told [the officer] - -" Defense counsel interrupted, "I'm going to object to
misquoting the evidence of the witness. The witness said that he supposed it was a black, double edged
knife. He did not say that he didn't know." This objection was sustained and the jury was instructed to
disregard the prosecutor's question, but appellant's motion for mistrial was overruled. 

Later during his cross-examination of appellant, the prosecutor asked, "Michelle and Meme
[two persons present when the stabbing took place] knew you, right?" Appellant answered, "Yes." The
prosecutor continued, "And Michelle and Meme saw what you did." Defense counsel objected, "That's
misstating the testimony. There has been no testimony that Meme has - - saw anything. She has not
testified in this case." The objection was overruled.

The first of the alleged misquotations was not so manifestly harmful to appellant as to be
incurable by the court's instruction to disregard. From the written record, it is impossible to determine
whether the prosecutor was asking a question or stating a fact when he made the second alleged
misquotation. If he was asking appellant if Meme saw what happened, we fail to see any error and, in any
case, the question was not answered. If the prosecutor was stating a fact, the jury knew which witnesses
had testified and knew their testimony. In either case, we believe that overruling appellant's objection did
not contribute to the conviction or otherwise affect appellant's substantial rights. Tex. R. App. P. 44.2(b)
and former Tex. R. App. P. 81(b)(2). Points of error two and three are overruled.

Appellant also complains that he was misquoted by the prosecutor during jury argument. 
The prosecutor said, "I guess if you listened to what Robert Baker tells you and has to say that these other
four wounds were just, just spontaneously appeared, came about. We know that's fantasy." Counsel
objected, "That question was asked of the defendant in his testimony on cross-examination and he said no,
they did not. He didn't know how they appeared but he was not saying they spontaneously appeared." 
The objection was overruled.

The questioning to which both lawyers referred occurred at the end to the State's cross-examination of appellant. The prosecutor asked appellant when he stabbed the victim in the back and in
the cheek. Appellant answered both of these questions, "I don't know." The prosecutor then asked,
"Were these knife wounds just spontaneously appear [sic]?" Again, appellant answered, "I don't know."

During argument, counsel may summarize the evidence and draw reasonable inferences
from it. Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). A prosecutor may argue his
opinion concerning an issue in the case so long as the opinion is based on the record. McKay v. State,
707 S.W.2d 23, 37 (Tex. Crim. App. 1985). In this instance, the prosecutor was using sarcasm to call
attention to what he believed was appellant's evasive testimony. It was not improper for the prosecutor
to challenge the credibility of appellant's testimony in this manner. Point of error four is overruled.

Appellant next complains that the court permitted "the State's character witness to go into
the specifics of previous incidents of extraneous conduct." The witness in question was a Fall River,
Massachusetts, police officer who testified at the punishment stage that appellant's reputation in that
community for being a peaceful and law-abiding citizen was bad. The prosecutor then asked the witness
how he came in contact with appellant. Appellant objected "to him going into specifics of the past
conduct." The court did not rule on the objection. In response to further questions to which appellant did
not object, the officer testified that he arrested appellant in October 1991 and that if a statement were made
that appellant was not in possession of a firearm on that occasion, the statement would be false. The
prosecutor then asked the witness if appellant was in fact in possession of a firearm when arrested in 1991. 
Appellant again voiced his objection, which was overruled. The witness testified that appellant had a
firearm when arrested in 1991.

To preserve error, a party must object and obtain an adverse ruling at the earliest
opportunity. Tex. R. App. P. 33.1(a). The only question to which appellant preserved error, whether
appellant possessed a firearm at the time of his 1991 arrest, had already been asked and answered without
objection. Where the same evidence is presented elsewhere during trial without objection, no reversible
error exists. McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992). Point of error six is
overruled.

Appellant's last point of error asserts a violation of the privilege against disclosure of
confidential communications to clergy. Tex. R. Crim. Evid. 505. Reverend Anna Pearl, a volunteer
chaplain at the Bell County Jail, was called by the defense at the punishment stage. She testified that she
had counseled appellant and served as his spiritual advisor during his incarceration. Pearl said that
appellant had undergone a religious conversion, "has become more peaceful within himself," and "has
shown great remorse for what has happened in his life." During cross-examination, the prosecutor asked
Pearl what appellant had told her about the charged offense. Appellant objected that questions about "her
specific counseling" violated the privilege. The State responded that the privilege had been waived. After
appellant's objection was overruled, the witness testified that she had not discussed the specifics of this
case with appellant.

A person entitled to claim a privilege against disclosure under the rules of evidence waives
the privilege if he calls a person to whom a privileged communication has been made to testify to his
character or a trait of his character, insofar as such communication is relevant to such character or trait. 
Tex. R. Crim. Evid. 511. Appellant called Pearl to testify to his remorse. By so doing, appellant waived
the rule 505 privilege with respect to any statements he made to Pearl that were relevant to his alleged
remorse. The district court did not err by overruling appellant's objection. In any event, the subsequent
questions did not result in the disclosure of any communications between appellant and Pearl. Point of error
seven is overruled.

The judgment of conviction is affirmed.



 Marilyn
Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: September 25, 1997

Do Not Publish
1. In her statement, the witness said that appellant stabbed Ortiz a second time after he fell to the
ground. 



 objection was overruled.

The questioning to which both lawyers referred occurred at the end to the State's cross-examination of appellant. The prosecutor asked appellant when he stabbed the victim in the back and in
the cheek. Appellant answered both of these questions, "I don't know." The prosecutor then asked,
"Were these knife wounds just spontaneously appear [sic]?" Again, appellant answered, "I don't know."

During argument, counsel may summarize the evidence and draw reasonable inferences
from it. Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). A prosecutor may argue his
opinion concerning an issue in the case so long as the opinion is based on the record. McKay v. State,
707 S.W.2d 23, 37 (Tex. Crim. App. 1985). In this instance, the prosecutor was using sarcasm to call
attention to what he believed was appellant's evasive testimony. It was not improper for the prosecutor
to challenge the credibility of appellant's testimony in this manner. Point of error four is overruled.

Appellant next complains that the court permitted "the State's character witness to go into
the specifics of previous incidents of extraneous conduct." The witness in question was a Fall River,
Massachusetts, police officer who testified at the punishment stage that appellant's reputation in that
community for being a peaceful and law-abiding citizen was bad. The prosecutor then asked the witness
how he came in contact with appellant. Appellant objected "to him going into specifics of the past
conduct." The court did not rule on the objection. In response to further questions to which appellant did
not object, the officer testified that he arrested appellant in October 1991 and that if a statement were made
that appellant was not in possession of a firearm on that occasion, the statement would be false. The
prosecutor then asked the witness if appellant was in fact in possession of a firearm when arrested in 1991. 
Appellant again voiced his objection, which was overruled. The witness testified that appellant had a
firearm when arrested in 1991.

To preserve error, a party must object and obtain an adverse ruling at the earliest
opportunity. Tex. R. App. P. 33.1(a). The only question to which appellant preserved error, whether
appellant possessed a firearm at the time of his 1991 arrest, had already been asked and answered without
objection. Where the same evidence is presented elsewhere during trial without objection, no reversible
error exists. McFarland v. State, 845 S.W.2d 824, 840 (Tex. Crim. App. 1992). Point o