NO. 07-08-0198-CR, 07-08-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 31, 2010
_____

RICHARD RANDALL DRAKE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 7329; HONORABLE LEE WATERS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

By separate indictments, appellant Richard Randall Drake was charged with aggravated sexual assault[1] and indecency with a child.[2] A jury convicted him of both offenses and sentenced him to terms of imprisonment of thirty years and ten years

_____

[1] Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2009).

[2] Tex. Penal Code Ann. § 21.11 (Vernon 2003).

respectively. The court imposed concurrent sentencing. Through three issues, appellant appeals his convictions. We will affirm.

## Background

The State alleged appellant engaged in the charged conduct with S.S., the ten-year-old daughter of his cousin. The actionable events occurred while appellant baby-sat S.S. and her younger brother, or on an occasion that S.S., and her female friends J.M. and S.M., spent the night with appellant at his television repair shop.

Evidence at trial included a statement appellant gave police through which he admitted having oral sex with S.S. and exposing himself to her. At trial, he recanted the statement on the ground it was false, the product of his desire to protect S.S. J.M. testified she played with S.S. at her house and appellant was usually there. Once, after S.S. showered, J.M. observed appellant remove the towel covering S.S. and begin "licking [S.S.] between her legs." She also testified appellant masturbated as he watched though a hole in the bathroom wall as the girls bathed. S.M. testified she saw S.S. urinate in appellant's mouth during the overnight stay at appellant's shop. S.S. testified to an act of oral sex, apparently the one described by J.M., and to urination in appellant's mouth. However, she could not recall if appellant showed her "his private part."

After hearing the evidence, the jury returned a verdict convicting appellant of the charged offenses. Appellant timely appealed.

Discussion

In his first issue, appellant complains the trial court erred by overruling his hearsay objection to the State's question of what S.S. told a professional about appellant's conduct.

During its case-in-chief, the State presented a forensic interviewer with a children's advocacy center who interviewed S.S. The following exchange occurred during this testimony:

| Q. [by the prosecutor]: | Now, during the interview, what did [S.S.] tell you about what happened to her? |
|---|---|
| [appellant's counsel]: | Objection; that calls for hearsay. |
| Q. [prosecutor]: | Your Honor, we would ask that the Court recognize an exception to the hearsay rule under 803(4). |
| The Court: | Overruled. Go ahead. |

The witness then explained how S.S. described appellant's exposure of his genitals. Without further objection, the State next questioned the witness about other events S.S. recounted during the interview. Through this testimony, the witness stated that according to S.S., appellant refused S.S. and her friends food unless they allowed him to lick their genitalia.

On cross-examination, the witness acknowledged she did not provide medical treatment for S.S. nor did she make a medical diagnosis. Appellant then moved for an

instruction requiring the jury to disregard the testimony of the witness from the point the State urged admission according to Rule 803(4). The court took up the matter at a hearing outside the presence of the jury and after hearing the arguments of counsel denied appellant's request but granted a running objection.

Addressing appellant's issue requires division of the challenged testimony into two blocks. The first is the colloquy quoted above and the second the ensuing direct examination testimony which was admitted without objection.

We turn first to the second block of testimony. Appellant did not lodge an objection to this testimony and even now on appeal does not particularize the questions he believes sought responses transgressing the rule against hearsay.

> Under Texas law, if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. A proper objection is one that is specific and timely. Further, with two exceptions, the law in Texas requires a party to continue to object each time inadmissible evidence is offered. The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury.

*Martinez v. State,* 98 S.W.3d 189, 193 (Tex.Crim.App. 2003).

Concerning the questions following the court's ruling on appellant's hearsay objection and spanning the remainder of the direct examination of the forensic interviewer, appellant did not continue objecting, did not obtain a running objection, and did not request a hearing outside the presence of the jury. As for this block of testimony, therefore, nothing is preserved for our review. *See* Tex. R. App. P. 33.1(a). We note, however, that admission of the testimony was not harmful. It did no more than

4

reiterate facts admitted elsewhere and even included testimony supportive of the defense.[3]

We now consider the court's ruling on appellant's hearsay objection, quoted above. The State urges the ruling was proper because the testimony came within the hearsay exception of Rule of Evidence 803(4) or was a prior consistent statement, admitted as non-hearsay under Rule 801(e)(1)(B). Tex. R. Evid. 801(e)(1)(B) & 803(4).

The standard of review for admission or exclusion of evidence is abuse of discretion. *Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App. 1993). A trial court does not abuse its discretion unless it has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." *Breeding v. State,* 809 S.W.2d 661, 663 (Tex.App.–Amarillo 1991, pet. refused). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *See Rachal v. State,* 917 S.W.2d 799, 807 (Tex.Crim.App. 1996).

Moreover, to constitute reversible error, the improper admission of the forensic interviewer's statement that S.S. told her appellant exposed himself must have been harmful to appellant. Tex. R. App. P. 44.2(b); *see Johnson v. State,* 967 S.W.2d 410, 417 (Tex.Crim.App. 1998) (applying non-constitutional harm analysis). Non-constitutional error "must be disregarded" unless it affected the "substantial rights" of the accused. Tex. R. App. 44.2(b). The substantial rights of an accused are affected "when the error had a substantial and injurious effect or influence in determining the jury's

---

[3] According to the witness, during the interview S.S. denied that anyone touched or contacted her "private places."

5

verdict.*" King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). Any error in admitting evidence is cured if the same evidence is admitted elsewhere without objection.*Valle v. State,* 109 S.W.3d 500, 509 (Tex.Crim.App. 2003). S*ee also Anderson v. State,* 717 S.W.2d 622, 627 (Tex.Crim.App. 1986) ("If the fact to which the hearsay relates is sufficiently proved by other competent and unobjected to evidence, . . . the admission of the hearsay is properly deemed harmless and does not constitute reversible error"). "This rule applies whether the other evidence was introduced by the defendant or the State" and whether the evidence was received before or after the challenged ruling. *Leday v. State,* 983 S.W.2d 713, 718 (Tex.Crim.App. 1998).

Assuming, without deciding, that it was inadmissible hearsay, we find the substance of the complained-of testimony of the forensic interviewer was admitted elsewhere without limitation or an objection preserved on appeal. J.M. testified that appellant masturbated while watching through a hole in the bathroom wall as she and S.S. bathed. The jury had before it appellant's hand-written statement in which he recalled, "I masturbated in front of [S.S.] several times satisfing (sic) her curiosity." Also in evidence was appellant's electronically recorded statement in which he stated S.S. had seen him "totally naked."[4] On cross-examination, a psychologist called by the State testified that S.S. told him appellant "had shown his privates to her." The error, if any, of the trial court in admitting the statement of the forensic interviewer did not affect a substantial right of appellant and must be disregarded. We overrule appellant's first issue.

---

[4] At trial, appellant objected to the admission of his written and recorded statements on the ground they were the product of coercion. The objections were overruled and of these rulings appellant does not complain on appeal.

6

By his second issue, appellant contends the trial court erred by allowing a psychologist to express an implied opinion S.S. was truthful in her report of sexual abuse. On direct examination by the State, the psychologist testified he was not surprised that S.S. was vague in her description to him of what happened. When asked why, he provided the following explanation, the admission of which is the subject of appellant's issue:

> Victims tend to minimize. That is, they–they tend not to want to talk about things that have happened. They tend not to–they tend to rationalize what happens. They tend to make it okay in their mind so they're not at fault and so they don't feel bad about it, so they don't feel guilty, so they don't look like they had a part to do with it. They tend to deny some things on occasion after they once have admitted them, admitted acts.

Expert testimony is admissible only if it assists the trier of fact to understand the evidence or determine a fact in issue. Tex. R. Evid. 702; *Duckett v. State,* 797 S.W.2d 906, 914 (Tex.Crim.App. 1990), *overruled on other grounds, Cohn v. State,* 849 S.W.2d 817, 819 (Tex.Crim.App. 1993). Expert testimony assists the trier of fact when the jury is not qualified to determine the particular issue "intelligently and to the best possible degree." *Duckett,* 797 S.W.2d at 914. Expert testimony that identifies certain physical or behavioral manifestations of sexual abuse and relates these characteristics to the complainant is admissible even if the complainant has not been impeached. *Yount v. State,* 872 S.W.2d 706, 708-09 (Tex.Crim.App. 1993); *Cohn,* 849 S.W.2d at 818-19. On the other hand, "[e]xpert testimony does not assist the jury if it constitutes 'a direct opinion on the truthfulness' of a child complainant's allegations." *Schutz v. State,* 957 S.W.2d 52, 59 (Tex.Crim.App. 1997) (*quoting Yount,* 872 S.W.2d at 708). Testimony of this nature "crosses the line" by deciding the issue for the jury rather than assisting its

7

understanding of the evidence or determination of a fact in issue. *See Yount,* 872 S.W.2d at 709; *Duckett,* 797 S.W.2d at 914-15.[5] *Parson v. State,* illustrates this distinction. 193 S.W.3d 116 (Tex.App.–Texarkana 2006, pet. refused). There, a licensed professional counselor opined that the trial testimony of the defendant's wife and stepson differed from their earlier statements and testimony because they suffered "'battered woman's syndrome.'" *Id.* at 126. The counselor opined of the effect of this condition on the truthfulness of those so diagnosed but she rendered no direct opinion of the truthfulness of the witnesses. *Id.* The court of appeals found no error in allowing the testimony. *Id.*

We find the psychologist here, in the complained-of portion of his testimony, did no more than express his expert opinion concerning the coping means employed by victims of sexual assault. On direct examination, he offered no opinion that S.S. was

---

[5] This dichotomy was succinctly noted in *Rodriquez v. State,* 741 P.2d 1200, 1204 (Ak.Ct.App. 1987) (*quoted in Duckett v. State,* 797 S.W.2d 906, 915 (Tex.Crim.App. 1990)):

> It appears to us that there is a significant distinction between presenting a witness, such as a polygraph operator, to testify that a person is telling the truth, and presenting a witness who can state that the behavior of a witness falls within a common pattern.
>
> * * * * *
>
> Testimony by an expert witness that purports to establish by scientific principles that another witness is telling the truth treads on dangerous legal ground. On the other hand, testimony by an expert witness which provides useful background information to aid the jury in evaluating the testimony of another witness is admissible.

truthful in recounting the events of which she complained. His testimony in that regard may be compared with that of the forensic interviewer in *Fuller v. State,* who was asked directly whether she had formed an opinion whether the child she interviewed "was being truthful with you." 224 S.W.3d 823, 835 (Tex.App.–Texarkana 2007, no pet.). In the present case, the psychologist's testimony, if believed, would assist the jury's evaluation of the testimony of S.S. *See Duckett,* 797 S.W.2d at 914 (expert testimony must aid and not supplant the jury). We find no abuse of discretion by the trial court in admitting the statement of the psychologist of which appellant complains.[6] Appellant's second issue is overruled.

In his third issue, appellant complains the State injected evidence of improper character conformity, that is "pedophilia" with attraction to children of both genders. The complaint arises from the following exchange during the cross-examination of appellant:

| Q. [by the prosecutor]: | You [appellant] enjoyed playing with those little girls in the swimming pool, didn't you? |
|---|---|
| A. [appellant]: | Yes, and the–and the young boys. |
| Q. | Oh, you like boys, too? |
| A. | Yes. |

---

[6] Moreover, direct inquiry concerning S.S.'s truthfulness came during cross-examination of the psychologist. Counsel for appellant inquired whether factors or indicia were available to detect "lying"; whether the psychologist could determine the truthfulness and honesty of S.S.; whether it was possible S.S. was not telling the truth. The court sustained the State's objection when appellant inquired what was necessary for the psychologist to determine if S.S. fabricated some or all her story.

| | |
|---|---|
| Q. | So you also– |
| [appellant's counsel]: | Object to the sidebar remark. |
| [prosecutor]: | I was merely clarifying, Your Honor, his statement. |
| [appellant's counsel]: | It was intended as a sidebar. |
| [prosecutor]: | No, Your Honor. |
| The Court: | Overruled. |

The State argues the claimed error was not preserved as the prosecutor's question, "Oh, you like boys, too?" was not an improper side bar remark. "Side bar remarks are remarks of counsel that are neither questions to the witness nor comments addressed to the court." *Brokenberry v. State,* 853 S.W.2d 145, 152 (Tex.App.–Houston [14th Dist.] 1993, pet. refused). We necessarily view the complained-of question in the context afforded by the record. The words of the prosecutor apparently were perceived by the witness as the State's next question, which he answered. The side bar objection followed the response as the prosecutor began another question.

But assuming, *arguendo*, appellant preserved the issue he presents on appeal, we nevertheless find it without merit. On appeal, appellant characterizes his answer "Yes, and the – and the young boys" as "innocent." He asserts the State's next question obviously and improperly implied that his response was an admission of a sexual interest in all children, boys and girls. The appellate record, on which we must base our judgments and which here records merely the words said, does not permit us

10

to engage in the kind of characterizations necessary to the conclusions appellant asserts. How appellant's volunteered reference to young boys and the prosecutor's next question are to be interpreted depends much on demeanor and inflection of voice. Consideration of these and other physical factors falls naturally within the sound discretion of the trial court as it controls the conduct of trial. The permissible scope of cross-examination is wide-ranging, extending to any matter relevant to the issues. *Woodall v. State,* 216 S.W.3d 530, 536-537 (Tex.App.–Texarkana 2007). The conduct of cross-examination is committed to the sound discretion of the trial court. *Sterns v. State,* 862 S.W.2d 687, 690 (Tex.App.–Tyler 1993, no pet.). From the record before us we perceive no abuse of discretion in the trial court's overruling of appellant's objection. We overrule appellant's third issue.

## Conclusion

Having overruled appellant's three issues, we affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

11