

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00531-CR

| | | |
|---|---|---|
| Anthony Elias Lupian | § | From the 235th District Court |
| | § | of Cooke County (10-00226) |
| v. | § | February 14, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment.  It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS


PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00531-CR

ANTHONY ELIAS LUPIAN                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Anthony Elias Lupian pleaded guilty before a jury to aggravated robbery; the jury found him guilty and assessed his punishment at confinement for life.  The trial court sentenced him accordingly.  Appellant raises two issues on appeal:  that the trial court failed to properly assemble the venire panel to reflect a cross section of the community and that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

accepting a verdict form with an erroneous finding without attempting to clarify the jury's verdict.[2]

Texas Code of Criminal Procedure article 35.07 sets forth the procedure for a challenge to the array. *See* Tex. Code Crim. Proc. Ann. art. 35.07 (West 2006). Either the State or the defendant may challenge the array on the ground that the officer summoning the jury has willfully summoned jurors with a view to securing a conviction or an acquittal. *Id.* A challenge to the array must be in writing and set forth distinctly the grounds for the challenge, and when a challenge to the array is made by the defendant, "it must be supported by his affidavit or the affidavit of any credible person." *Id.*

Appellant here did not challenge the array in writing nor did he support any challenge with an affidavit as required by article 35.07. Consequently, Appellant has presented nothing for our review. *See Garcia v. State*, 919 S.W.2d 370, 392 (Tex. Crim. App. 1996) (holding nothing was preserved for appellate review when defendant's challenge to array was not supported by affidavit); *see also Stephenson v. State*, 494 S.W.2d 900, 905 (Tex. Crim. App. 1973); *Brokenberry v. State*, 853 S.W.2d 145, 149 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *Hart v. State*, 818 S.W.2d 430, 438 (Tex. App.—Corpus Christi 1991, no pet.) We overrule Appellant's first issue.

---

[2]Because Appellant's issues do not necessitate a full recitation of the facts of the offense, we omit any discussion of them.

In his second issue, Appellant complains that the trial court erred by accepting a contradictory verdict from the jury. In the blank on the verdict form for the punishment assessed, the presiding juror wrote "Life." And in that same paragraph of the verdict, the presiding juror wrote that the jury assessed a further punishment at a fine of "none." The presiding juror signed his name in the signature line under this paragraph. The next paragraph of the verdict asked the jury about probation. The only blank in connection with this paragraph was a blank for the jury to check "yes" or "no" concerning whether the jury recommended probation of any fine. The presiding juror checked "no" and signed his name on the signature line under this paragraph.

When the trial court received the jury's verdict, an on-the-record discussion occurred between the trial court, defense counsel, and the prosecutor concerning the contradiction in the verdict. The trial court noted that the presiding juror should not have signed under the second paragraph if the jury was not recommending probation and proposed to instruct the jury that it should not have completed the second paragraph if the jury did not desire to recommend probation. Defense counsel objected and stated, "I just think it's good as it is. I don't see that you can do anything. It's life. They can't probate it. They signed. It was no. They're not probating it. I don't want you doing anything. Why would you do anything?" [6RR 169] After again confirming with defense counsel that the defendant did not want a note sent to the jury asking it to explain its verdict, the trial court called the jury into the courtroom and polled the jurors as to

4

whether "the assessment of a life sentence against the defendant" was each juror's verdict. Each juror responded affirmatively.

Because Appellant argued in the trial court that the jury's verdict was "good as it is" and urged the trial court to do nothing and to accept the jury's verdict "as is," Appellant cannot now complain that the trial court erred by accepting the jury's verdict "as is." *See, e.g., Degadillo v. State*, 262 S.W.3d 371, 372–73 (Tex. App.—Fort Worth 2008, pet. ref'd) (quoting *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) ("If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error."), *cert. denied*, 529 U.S. 1102 (2000). We overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 14, 2013