02-11-521-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00531-CR

 

 


 
 
 Anthony
 Elias Lupian
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 235th District
 Court
  
 of
 Cooke County (10-00226)
  
 February
 14, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

PER
CURIAM

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00531-CR

 

 


 
 
 Anthony Elias Lupian
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 235th
District Court OF Cooke COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Anthony Elias Lupian pleaded guilty before a jury to aggravated robbery; the
jury found him guilty and assessed his punishment at confinement for life.  The
trial court sentenced him accordingly.  Appellant raises two issues on appeal: 
that the trial court failed to properly assemble the venire panel to reflect a
cross section of the community and that the trial court erred by accepting a
verdict form with an erroneous finding without attempting to clarify the jury’s
verdict.[2]

Texas
Code of Criminal Procedure article 35.07 sets forth the procedure for a
challenge to the array.  See Tex. Code Crim. Proc. Ann. art. 35.07 (West
2006).  Either the State or the defendant may challenge the array on the ground
that the officer summoning the jury has willfully summoned jurors with a view
to securing a conviction or an acquittal.  Id.  A challenge to the array
must be in writing and set forth distinctly the grounds for the challenge, and
when a challenge to the array is made by the defendant, “it must be supported by
his affidavit or the affidavit of any credible person.”  Id.  

Appellant
here did not challenge the array in writing nor did he support any challenge
with an affidavit as required by article 35.07.  Consequently, Appellant has
presented nothing for our review.  See Garcia v. State, 919
S.W.2d 370, 392 (Tex. Crim. App. 1996) (holding nothing was preserved for
appellate review when defendant’s challenge to array was not supported by
affidavit); see also Stephenson v. State, 494 S.W.2d 900, 905
(Tex. Crim. App. 1973); Brokenberry v. State, 853 S.W.2d 145, 149 (Tex.
App.––Houston [14th Dist.] 1993, pet. ref’d); Hart v. State, 818 S.W.2d
430, 438 (Tex. App.––Corpus Christi 1991, no pet.)  We overrule Appellant’s
first issue.

In
his second issue, Appellant complains that the trial court erred by accepting a
contradictory verdict from the jury.  In the blank on the verdict form for the
punishment assessed, the presiding juror wrote “Life.”  And in that same
paragraph of the verdict, the presiding juror wrote that the jury assessed a
further punishment at a fine of “none.”  The presiding juror signed his name in
the signature line under this paragraph.  The next paragraph of the verdict
asked the jury about probation.  The only blank in connection with this paragraph
was a blank for the jury to check “yes” or “no” concerning whether the jury
recommended probation of any fine.  The presiding juror checked “no” and signed
his name on the signature line under this paragraph.  

When
the trial court received the jury’s verdict, an on-the-record discussion
occurred between the trial court, defense counsel, and the prosecutor
concerning the contradiction in the verdict.  The trial court noted that the
presiding juror should not have signed under the second paragraph if the jury
was not recommending probation and proposed to instruct the jury that it should
not have completed the second paragraph if the jury did not desire to recommend
probation.  Defense counsel objected and stated, “I just think it’s good as it
is.  I don’t see that you can do anything.  It’s life.  They can’t probate it. 
They signed.  It was no.  They’re not probating it.  I don’t want you doing
anything.  Why would you do anything?”  [6RR 169]  After again confirming with
defense counsel that the defendant did not want a note sent to the jury asking it
to explain its verdict, the trial court called the jury into the courtroom and
polled the jurors as to whether “the assessment of a life sentence against the
defendant” was each juror’s verdict.  Each juror responded affirmatively.

Because
Appellant argued in the trial court that the jury’s verdict was “good as it is”
and urged the trial court to do nothing and to accept the jury’s verdict “as is,”
Appellant cannot now complain that the trial court erred by accepting the
jury’s verdict “as is.”  See, e.g., Degadillo v. State, 262
S.W.3d 371, 372–73 (Tex. App.––Fort Worth 2008, pet. ref’d) (quoting Prystash
v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999) (“If a party affirmatively seeks action by the trial court,
that party cannot later contend that the action was error.”), cert. denied,
529 U.S. 1102 (2000).  We overrule Appellant’s second issue.

Having
overruled both of Appellant’s issues, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL: 
WALKER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 14,
2013  








 









[1]See Tex. R. App. P. 47.4.





[2]Because Appellant’s issues do not necessitate a full recitation of
the facts of the offense, we omit any discussion of them.